UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**JEROME J. GAUTHIER; JEROME J. GAUTHIER,** as Trustee of the Gauthier Family Charitable Remainder Unitrust U/A; and **JEROME J. GAUTHIER REVOCABLE TRUST,**

                Plaintiffs,            1:10-cv-27
                                            (GLS\RFT)

        v.

**OORAH, INC.; OORAH CATSKILL RETREAT, LLC;** and **ELIYOHU MINTZ,**

                Defendants.
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:**<br>Jacobs, Jacobs Law Firm<br>P.O. Box 159<br>31 Lake Street<br>The Mansion Building<br>Stamford, NY 12167 | MICHAEL A. JACOBS, ESQ. |
| **FOR THE DEFENDANTS:**<br>Young, Sommer Law Firm<br>Executive Woods<br>Five Palisades Drive<br>Albany, NY 12205 | JOSEPH F. CASTIGLIONE, ESQ. |

**Gary L. Sharpe
District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**

### **I. Introduction**

The present action stems from a breach of contract claim brought in New York State Supreme Court, Schoharie County, by plaintiff James J. Gauthier against defendants Oorah, Inc., Oorah Catskill Retreat, LLC, and Eliyohu Mintz.  (*See* Compl., Dkt. No. 1:2.)  The action, which was initially commenced on April 28, 2009, was removed to the United States District Court for the Northern District of New York on January 8, 2010, based on 28 U.S.C. § 1332 diversity jurisdiction.  (*See* Notice of Removal ¶¶ 1-3, 13, Dkt. No. 1.)  The summons and complaint were served on the defendants on May 16, 2009.  (*See id.* at ¶ 4.)  Pending is Gauthier's motion to remand pursuant to 28 U.S.C. § 1447(c) for untimely removal.  (Dkt. No. 4.)  For the reasons that follow, the motion is granted.

### **II. Discussion**

"It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction."  *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted).  Where an action has been removed to federal court, the removing defendant must establish compliance with the removal procedures set forth in 28 U.S.C. § 1446.

2

*See Simpson v. AWC 1997 Corp.*, No. 1:08-CV-545, 2008 WL 2884999, at *2 (N.D.N.Y. July 23, 2008); *see also Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp.2d 432, 436 (S.D.N.Y. 2006) ("At all times the party asserting jurisdiction bears the burden of proof that ... procedural requirements have been met.").

"A case is removable when the initial pleading enables the defendant to intelligently ascertain removability from the face of such pleading, so that in its petition for removal, the defendant can make a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001) (internal quotation marks and citation omitted).  Accordingly, the initial pleading must provide "the necessary facts to support the removal petition," which in cases where removal is premised on diversity, includes "the amount in controversy and the address of each party."  *Id.* at 206 (internal quotation marks and citations omitted).  Under this standard, a defendant must "apply a reasonable amount of intelligence in ascertaining removability," but need not "look beyond the initial pleading for facts giving rise to removability."  *Id.* (citations omitted).

Equally important, once a defendant has been served with a pleading

that meets the requirements of § 1446(a), he must file a notice of removal within thirty days. *See* 28 U.S.C. § 1446(b). This time limit is "mandatory," such that "absent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement." *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1046 (2d Cir. 1991), *superseded by rule on other grounds*, FED. R. CIV. P. 5(d)(4) & 83(a)(2).

Here, the parties do not dispute that each defendant, including Mintz, was served with Gauthier's verified complaint on May 16, 2009. It is also undisputed that the defendants did not file their notice of removal until January 8, 2010. The dispute arises with defendant Mintz's contention that the complaint "failed to provide the required notice of removability because it did not contain sufficient information indicating that [Gauthier was] asserting a claim against Rabbi Mintz individually for breach of contract, and seeking to hold [him] individual[ly] liable for $1,250,000.00, in the Second Cause of Action." (Def. Mem. of Law at 2, Dkt. No. 8.) In response, Gauthier asserts there is "nothing ambiguous" in the complaint, or the second cause of action specifically, that could have prevented Mintz from receiving notice that he was being sued in his individual capacity. (*See* Pl. Mem. of Law at 2, Dkt. No. 4:1.)

4

Having reviewed the complaint and the parties' arguments, the court finds the defendants' contentions without merit and concludes that the removal was untimely. The complaint more than adequately enabled Mintz to "intelligently ascertain" that the action was removable. Mintz is identified in the caption of the complaint as a defendant, and is then named as a "defendant" two dozen times in the ten-page complaint, either individually or in sequence with the other defendants. (*See generally* Compl., Dkt. No. 1:2.) And while Mintz seems to rely on the fact that the second cause of action only refers to "the Defendants" generally,[1] the court is confident that the complaint provided Mintz with the facts necessary to support the removal petition, including facts that would have reasonably allowed him to ascertain whether diversity existed and that Gauthier was seeking to hold him individually liable for an amount that exceeded $75,000. Moreover, the term "the Defendants" is sufficiently specific when viewed in light of the fact

---

[1]Specifically, the second cause of action reads:
38.   The Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 37 as if more fully set forth herein at length.
39.   That the Defendants have breached their contract with the Plaintiffs and as a result, the Plaintiffs have been damaged in the amount of $1,250,000.00 for the breach of Contract.
WHEREFORE, Plaintiffs demand judgment against the Defendants for breach of contract in the amount of $1,250,000.00, with interest, together with the costs and disbursement of this action and for such other and further relief as to the Court may seem just and proper in the instant premises.
(Compl. ¶¶ 38-39, Dkt. No. 1:2.)

5

that at no point in the complaint is Mintz specifically or implicitly excluded from this term.  Rather, every time "the Defendants" is used, it is either used in isolation or in specific reference to "the Defendants, Oorah, Inc., Oorah Catskill Retreat, LLC, and Eliyohu Mintz."  (*See id.* at ¶¶ 11, 12, 15-18, 23, 27, 28, 31, 33-37, 39, 41-52, 54, 55, 57, 60, 61, 62.)

Accordingly, because the original complaint provided Mintz with the requisite notice of removability, he was required to file a notice of removal within thirty days after May 16, 2009.  *See Figueroa v. Kim*, 813 F. Supp. 267, 268 (S.D.N.Y. 1993) ("[I]t is the defendant's receipt of an initial pleading which provides notice of removability that begins the thirty-day removal period ....").  However, the notice of removal was not filed until January 8, 2010, over six months past the limitations period.  Therefore, Mintz's petition for removal failed to comply with § 1446's removal procedures due to its untimeliness.  Consequently, the court is obligated to remand this case to the state court for further proceedings.

### III. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Gauthier's motion to remand (Dkt. No. 4) is **GRANTED**; and it is further

**ORDERED** that this action is **REMANDED** to the New York State Supreme Court, Schoharie County; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

June 14, 2010
Albany, New York

*[signature]*
United States District Court Judge